STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

JAIME MIRANDA,

Plaintiff,

vs.                                                                                    Cause No. ___D-101-CV-2016-01540
                                                                                       Case assigned to Mathew, Francis J.

STRIKE, LLC and
JOEL BENAVIDES,

Defendants.

### COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY

**COMES NOW**, Plaintiff Jaime Miranda, by and through his attorneys of record Fadduol, Cluff, Hardy & Conaway, P.C. (E. Marvin Romero), and for his cause of action and complaint herein over and against Defendant Strike, LLC and Defendant Joel Benavides, states as follows:

### I. PARTIES

1.    Plaintiff Jaime Miranda is a resident of Willard, Torrance County, New Mexico.

2.    Upon information and belief, Defendant Strike, LLC is a foreign corporation conducting business in New Mexico with a registered agent in Santa Fe, New Mexico. Defendant Strike, LLC may be served through its registered agent: Corporation Service Company, 123 East Marcy Street, Suite 101, Santa Fe, New Mexico 87501, or wherever it may be found.

3.    Upon information and belief, Defendant Joel Benavides is a resident of Loving, Eddy County, New Mexico and may be served at his place of residence, or wherever he may be found.

**EXHIBIT A**

Page 1 of 9

## II. JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter because Defendant Strike, LLC is a foreign corporation that designates and maintains a statutory agent in this state (Santa Fe) and Defendant Benavides resides in New Mexico. Further, both Defendants have sufficient contacts with this state and transact business within this state. NMSA 1978, § 38-1-16.

5.  Venue is proper in Santa Fe County, State of New Mexico because it is where Defendant Strike has registered its agent and establishes venue for Defendant Benavides who is a resident defendant. NMSA 1978, § 38-3-1.

## III. GENERAL ALLEGATIONS

6.  The allegations of the preceding and succeeding paragraphs are incorporated herein by this reference.

7.  On or about May 28, 2015, Plaintiff Jaime Miranda was travelling northbound in the 2300 Block of Bickley Street in Pecos, Reeves County, Texas.

8.  On or about May 28, 2015 in Pecos, Reeves County, Texas, Defendant Joel Benavides was operating/driving Strike, LLC's company truck.

9.  Defendant Joel Benavides drove the company vehicle out from a private drive and traveled east into the intersection of Bickley and Stafford.

10. The posted speed limit on Bickley Street, where Plaintiff was travelling, is 50 mph.

11. Defendant Benavides proceeded across lanes of traffic and collided with Plaintiff's vehicle.

12. Defendant Benavides exited a private drive with a posted stop sign.

13. The collision caused Plaintiff Miranda's vehicle to spin 180 degrees and ultimately rest

facing south on Bickley Street, which was facing oncoming traffic.

14. Officer Luis Guillen, a Texas Peace Officer, investigated the collision and determined that Defendant Benavides was at fault.

15. Based upon the Officer Guillen's investigation, Defendant Benavides was cited for the following: Fail to Yield at Right of Way Stop Intersection.

16. As a result of Defendant Benavides' acts and/or omissions, Plaintiff Jaime Miranda sustained damages.

## IV. ALLEGATIONS AGAINST DEFENDANT STRIKE, LLC

17. The allegations of the preceding and succeeding paragraphs are incorporated herein by this reference.

**Negligence of Defendant Strike, LLC**

18. At all times relevant to the allegations of this complaint, Defendant Strike, LLC had a duty to act as a reasonable and prudent company and exercise ordinary care. Defendant Strike, LLC breached this duty and was negligent. The negligence of Defendant Strike, LLC includes, but is not limited to, the following:

    a. In endangering the lives of the general public;

    b. In entrusting a company vehicle to an incompetent driver;

    c. In failing to properly evaluate driver fitness;

    d. In failing to monitor/track employee driving;

    e. In undertaking a course of conduct absent of due care with foreseeable and probable consequences;

    f. In failing to properly train employees; and

    g. In many other respects.

19.     Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff Miranda.

20.     Defendant's acts and/or omissions described herein were malicious, willful, reckless and/or wanton, as defined in New Mexico law justifying an award of punitive damages.

**Negligent Selection, Hiring, Retention, and Supervision**

21.     Defendant Strike, LLC, as employer, is subject to liability for physical harm to third persons caused by Defendant's failure to exercise reasonable care to employ a competent and fit employee. Defendant breached these duties and was negligent. Defendant Strike, LLC's negligence was the sole proximate cause and/or a proximate cause of Plaintiff Miranda's injuries and damages. Defendant's negligence includes, but is not limited to, the following:

    a.     In failing to select an employee that can competently and reasonably operate a company vehicle;

    b.     In failing to select an employee that could properly perform duties which Defendant owes to third persons/public; and

    c.     In failing to ensure that employees and/or agents were properly trained.

22.     During the time that Defendant Benavides was employed, Defendant Strike, LLC became aware or should have become aware of problems and/or conduct that indicated employee unfitness. Defendant failed to take further action to investigate, discharge or revoke employee privileges/duties, and Plaintiff's damages were caused by Defendant Strike, LLC's negligent hiring, and retention and/or supervision of employees. *See Estate of Gutierrez ex rel. Jaramillo v. Meteor Monument, LLC*, No. 28,799, 2012 WL 4718657, *2 (N.M. Ct. App. Aug. 28, 2012) (citing *Estate of Gutierrez*, 2012–NMSC–004, ¶ 25) (quotation marks omitted).

23.     Defendant Strike, LLC had a duty to select and/or hire employees that performed work

with due diligence, exercised ordinary care, were competent, and would comply with all applicable traffic codes, training, and safe driving practices concerning safety and/or safe driving practices. Defendant breached this duty in selecting an employee that was unfit.

24.     Further, Defendant Strike, LLC retained an employee who was incompetent and failed to comply with all applicable traffic codes, training, and safe driving practices concerning safety of the public and environment.

25.     Further, Defendant Strike, LLC knew or should have known that Defendant Benavides was incompetent and failed to follow traffic codes, training, and safe driving practices concerning safety of the public and environment. Additionally, Defendant Strike, LLC failed to supervise the conduct and/or work being performed by the employee in question who was incompetent and failed to evaluate driver fitness.

**Vicarious Liability through Respondeat Superior**

26.     Defendant Strike, LLC had employees and/or agents who were working in the course and scope of their employment and/or agency for Defendant at the time of the incident made the basis of this suit. Defendant is vicariously liable for the damages proximately caused to Plaintiff Miranda by virtue of the negligent conduct of its employees, servants, principals, vice-principals, and/or agents acting in the course and scope of their employment or authority of their agency with Defendant. As a result, Defendant Strike, LLC is vicariously liable to Plaintiff for the negligent acts and/or omissions of its employees, servants, principals, vice-principals, and/or agents on the basis of *Respondeat Superior*.

**Gross Negligence**

27.     When viewed objectively from the standpoint of Defendant Benavides at the time of the occurrence, the Defendant's conduct involved an extreme degree of risk, considering the

probability and magnitude of the potential harm to others. In addition, Defendant was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, which constitutes gross negligence as that term is defined pursuant to § 41.001(11), Texas Civil Practice and Remedies Code. Therefore, Plaintiffs seek exemplary damages in an amount to be determined by the trier of fact.

28.     The grossly negligent acts and/or omissions of Defendant Benavides were a proximate and/or producing cause of the occurrence in question and Plaintiff's resultant injuries and damages.

## V. ALLEGATIONS AGAINST DEFENDANT BENAVIDES

29.     The allegations of the preceding and succeeding paragraphs are incorporated herein by this reference.

**Negligence of Defendant Benavides**

30.     At all times relevant to the allegations of this complaint, Defendant Benavides had a duty to act as a reasonable and prudent motorist and exercise ordinary care. Defendant Benavides breached this duty and was negligent. The negligence of Defendant Benavides includes, but is not limited to, the following:

    a.    In endangering the lives of the general public;

    b.    In driver inattention;

    c.    In operating a vehicle in a careless manner;

    d.    In operating a vehicle in a reckless manner;

    e.    In undertaking a course of conduct absent of due care with foreseeable and probable consequences;

    f.    In failing to control speed;

   g. In failing to obey a traffic control device;

   h. In failing to proceed when safe to do so; and

   i. In many other respects.

31. Each of the above acts and/or omissions were singularly and/or cumulatively a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff Miranda.

**Violation of Statute/Negligence *Per Se***

32. Defendant Benavides violated Texas Traffic Code Sec. 545.151. VEHICLE APPROACHING OR ENTERING INTERSECTION by failing to yield at right of way. This section proscribes certain action and/or creates a standard of conduct and Defendant's conduct represents an unexcused violation of this standard. Plaintiff belongs to the class of persons which this statute was meant to protect and the harm or injury is generally of the type this statute seeks to prevent.

33. Defendant Benavides violated Sec. 545.401. RECKLESS DRIVING; OFFENSE by operating a vehicle recklessly. This section proscribes certain action and/or creates a standard of conduct and Defendant's conduct represents an unexcused violation of this standard. Plaintiff belongs to the class of persons which this statute was meant to protect and the harm or injury is generally of the type this statute seeks to prevent.

**Gross Negligence**

34. When viewed objectively from the standpoint of Defendant Benavides at the time of the occurrence, the Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In addition, Defendant was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference

to the rights, safety, or welfare of others, which constitutes gross negligence as that term is defined pursuant to § 41.001(11), Texas Civil Practice and Remedies Code. Therefore, Plaintiffs seek exemplary damages in an amount to be determined by the trier of fact.

35. The grossly negligent acts and/or omissions of Defendant Benavides were a proximate and/or producing cause of the occurrence in question and Plaintiff's resultant injuries and damages.

## VI. DAMAGES

36. The allegations of the preceding and succeeding paragraphs are incorporated herein by this reference.

37. As a result of the above-mentioned negligent acts and/or omissions of Defendants, Plaintiff Miranda sustained injuries. Plaintiff has suffered and will continue to suffer great pain and suffering of his body and mind.

38. As a result of the incident in question, Plaintiff Miranda has incurred and will continue to incur reasonable expenses for necessary medical care, treatment and services, past, present and future.

39. As a result of the incident in question, Plaintiff Miranda sustained physical and mental pain and suffering. Mental pain and suffering is part of Plaintiff's claim for general damages. As a result, he has been precluded from his normal activities as an individual and has suffered loss of enjoyment of life.

40. Plaintiff Miranda is entitled to recover from Defendant Strike, LLC and Defendant Benavides compensatory and exemplary damages in such amounts allowed by law and as determined by the fact finders in this case as well as any and all such other

damages or other relief available as determined appropriate by the Court.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor against Defendants and for the Court to issue an order granting the following relief:

a. Recovery of a reasonable monetary award or awards as compensatory damages in an amount and to an extent to be proven at trial;

b. If the evidence permits, an award of punitive damages in an amount sufficient to deter future wrongful conduct of this nature;

c. Pre-judgment and post-judgment interest thereon at the rate determined by law;

d. Plaintiff's costs in the action; and

e. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*FADDUOL, CLUFF, HARDY & CONAWAY, P.C.*

*/s/ E. Marvin Romero*
E. Marvin Romero
3301 San Mateo Blvd NE
Albuquerque, New Mexico  87110
Telephone: (505) 243-6045
Facsimile: (505) 243-6642

*ATTORNEYS FOR PLAINTIFF*

STATE OF NEW
MEXICO COUNTY OF
SANTA FE
FIRST JUDICIAL DISTRICT COURT

JAIME MIRANDA,

Plaintiff,

vs.

Cause No. ___D-101-CV-2016-01540___
Case assigned to Mathew, Francis J.

STRIKE, LLC and
JOEL BENAVIDES,

Defendants.

## JURY DEMAND

Plaintiff Jaime Miranda, by and through his undersigned counsel, demands a trial by a twelve-person jury of all issues triable of right by jury and hereby tenders the sum of $300.00 for jury fee.

Respectfully submitted,

FADDUOL, CLUFF, HARDY & CONAWAY, P.C.

*/s/ E. Marvin Romero*
E. Marvin Romero
3301 San Mateo Blvd NE
Albuquerque, NM 87110
Telephone: (505) 243-6045
Facsimile: (505) 243-6642
mromero@fchclaw.com

***Attorneys for Plaintiffs***

1

DISTRICT COURT CLE
8/11/2016 5:09:27
STEPHEN T. PACHE
Victoria Marti

# SUMMONS

| First Judicial District Court<br>State of New Mexico<br>County of Santa Fe<br>225 Montezuma Ave.<br>Santa Fe, NM 87501 | Case Number: D-101-CV-2016-01540<br><br>Assigned Judge: Francis J. Matthew |
|---|---|
| JAIME MIRANDA<br>Plaintiff,<br>vs.<br>STRIKE, LLC AND JOEL BENEVIDAS<br>Defendant. | TO: Strike, LLC |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066

Dated at SANTA FE , New Mexico, this 11 day of AUGUST , 2016 .

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT
By: /s/ Victoria Marty
Deputy

/s/ E. Marvin Romero
E. Marvin Romero
Address: 3301 San Mateo Blvd NE
Albuquerque, NM 87110
Telephone No.: 505-243-6045
Email: Mromero@fchclaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**[1]

STATE OF NEW MEXICO  )
                     )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ] to _____, an agent authorized to receive service of process for defendant _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____ (name of person), _____,
(*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ ²

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

1.   Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2.   If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

# SUMMONS

| First Judicial District Court<br>State of New Mexico<br>County of Santa Fe<br>225 Montezuma Ave.<br>Santa Fe, NM 87501 | Case Number: D-101-CV-2016-01540<br><br>Assigned Judge: Francis J. Matthew |
|---|---|
| JAIME MIRANDA<br>Plaintiff,<br>vs.<br>STRIKE, LLC AND JOEL BENEVIDAS<br>Defendant. | TO: Joel Benevidas<br>612 W. Cedar<br>Loving, New Mexico 88256 |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066

Dated at  SANTA FE             , New Mexico, this  11  day of  AUGUST   , 2016  .

STEPHEN T. PACHECO
CLERK OF DISTRICT COURT

By: _(signature)_
      Deputy

/s/ E. Marvin Romero
E. Marvin Romero
Address: 3301 San Mateo Blvd NE
Albuquerque, NM 87110
Telephone No.: 505-243-6045
Email: Mromero@fchclaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**[1]

STATE OF NEW MEXICO )
                    )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the \_\_\_\_\_ day of _____, \_\_\_\_\_, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]   to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]   to _____ (*name of person*), _____,
(*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

    1.    Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
    2.    If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]