IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAIME MIRANDA,

    **Plaintiff,**

vs.              Civ. No. 16-1062 JCH/WPL

**STRIKE, LLC and JOEL
BENAVIDES,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

   This matter is before the Court on *Plaintiff Miranda's Motion to Remand to State Court* [Doc. 4]. The question raised in the motion is whether there is at least $75,000 in controversy such that this Court has diversity jurisdiction over the case. After reviewing the motion, Defendant Strike, LLC's ("Strike's") response, and plaintiff's reply, the Court concludes that there was no procedural defect in removal, the amount in controversy is satisfied, and the motion to remand should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

   On June 22, 2016, Plaintiff Jaime Miranda ("Miranda") filed his Complaint in the First Judicial District Court, County of Santa Fe, State of New Mexico. He asserts claims for personal injury arising from an automobile accident that occurred in Texas in May of 2015. According to the Complaint, Defendant Joel Benavides ("Benavides") was driving Strike's company vehicle when he collided with Miranda's vehicle, injuring Miranda. Doc. 1-1 at ¶ 7-11.

   On September 26, 2016, Strike removed the case to this federal district court on the basis of diversity jurisdiction. *See* Doc. 1. With regard to the diversity of the parties, in the Notice of

Removal Strike relied upon Miranda's own assertion that he is a resident of New Mexico, *see* Doc. 1-1 at ¶ 1, and averred that it (Strike) is a Texas corporation with its principal place of business in Texas. *See* Doc. 1 at 10-11 and Doc. 1-2 at ¶ 1-4. In further support of diversity of the parties, Strike disputed Miranda's assertion that Benavides is a resident of New Mexico with a Declaration from Benavides asserting that he is domiciled in Texas, not New Mexico. Doc. 1 at ¶ 12-13; Doc. 1-5 at ¶ 1-5. Miranda has not disputed the veracity of Benavidez's claim that he is a resident of Texas. In his Declaration Benavidez also states that as of September 23, he had not been served with the complaint, but that he did consent to the removal of the case to this Court. Doc. 1-5 at ¶ 11.

With regard to amount in controversy, Strike noted that in his Complaint, Miranda seeks compensatory damages for physical injuries; past, present, and future medical expenses; physical and mental pain and suffering; and punitive damages. Doc. 1 at ¶ 19. Strike also noted that Miranda had asserted $14,334.68 in medical expenses as of January 5, 2016, as well as $24,000 in lost wages. *Id.* at ¶ 20. On January 29, 2016, Miranda made a verbal offer to settle the case for $65,000. *Id.*

None of these underlying facts regarding diversity and amount in controversy are in dispute. Indeed, it appears that the parties stipulate that complete diversity of the parties is present here. Rather, in his Motion to Remand Miranda argues that removal was improper because (1) Benavides did not consent to removal, and (2) Strike has failed to show that there is at least $75,000 at issue in the case, and therefore the Court lacks diversity jurisdiction.

## **LEGAL STANDARD**

In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The "amount in controversy" has been defined by the

Tenth Circuit Court of Appeals as "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). "The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting the assertion that the amount in controversy exceeds $75,000.00.'" *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). The removing defendant bears the burden of proving the underlying facts supporting the assertion that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. *McPhail*, 529 F.3d at 955. In order for jurisdiction to be proper, Strike as the removing party has the burden of showing that the requisite amount in controversy is met. *Chen v. Dillard Store Servs., Inc.*, 579 Fed. Appx. 618, 620 (10th Cir. 2014) (unpublished) (citing *McPhail*, 529 F.3d at 953).

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin*, 50 F.3d at 873. The amount in controversy "is an estimate of the amount that will be put at issue in the course of the litigation. To this end, documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal . . ." *McPhail*, 529 F.3d at 956. Once it is shown that the amount in controversy may be greater than $75,000, the case belongs in federal court "unless it is legally certain that less than $75,000 is at stake." *McPhail*, 529 F.3d at 954 (internal quotation marks omitted).

## **DISCUSSION**

Miranda argues that there was a procedural defect in the removal—namely, that defendant Benavides failed to consent to the removal. This argument is without merit. It is well established that if a case is removed based solely on federal diversity jurisdiction, "all defendants who have been properly joined <u>and served</u> must join in or consent to the removal of the action."

28 U.S.C. § 1446(b)(2)(A) (emphasis added). Here, there is no evidence that Benavides was served prior to removal; to the contrary, the only evidence in the record on this point states that in fact he was not served. Doc. 1-5 at ¶ 11. Therefore, Benavides' consent was not necessary to removal. *Sheldon v. Khanal*, 502 Fed. Appx. 765, 770 (10th Cir. 2014) (unpublished). However, even if Benavides had been served, his Declaration shows that he did consent to removal, making removal proper on those grounds as well.

Next, Miranda argues that the amount in controversy is not satisfied. As evidence of this, Miranda points to his offer to settle the case for $65,000. While this offer certainly qualifies as evidence that informs the issue, the Court cannot rely on this offer alone when the record contains other evidence of amount in controversy. For example, Miranda has made a claim for $24,000 in lost wages, $10,000 in medical expenses[1] as of January 5, 2016, unknown future medical expenses, and physical and mental pain and suffering. With regard to his pain and suffering, Miranda's settlement letter noted that he "found it very difficult to walk because of the pain" for a month after the accident. Doc. 9-1 at 5. It also states that he was forced to endure back and neck pain, wear a back brace for two months and a neck brace for one month, and undergo physical therapy for three months. The letter states that Miranda suffered decreased range of motion in his neck and back, difficulty sleeping, and depression. The letter also discusses the anxiety and stress that Miranda suffered when his inability to work adversely impacted his ability to provide for his family. Finally, in his complaint Miranda also requests punitive damages.

---

[1] Although Miranda stated in his settlement letter that he incurred over $14,000 in medical bills, he contends that under Texas law he may recover only the amount of medical bills he actually paid, which is "less than $10,000." Doc. 4 at ¶ 5-6. Because it appears both parties agree that Texas law governs, the Court will use $10,000 as the amount of medical bills for the purpose of determining amount in controversy.

In the aggregate, Miranda's lost wages and medical expenses total $34,000. Although it is difficult to know how a jury might value his alleged pain and suffering, based on the Court's experience attorneys typically request anywhere from $5,000 to $20,000 for pain and suffering in similar cases. Using the least of these puts Miranda's total compensatory damages at $39,000.

Next, the Court must determine the amount in controversy on Miranda's punitive damages claim. As Strike correctly points out, Texas law limits punitive (exemplary) damages. By statute, Texas has established a limit on exemplary damages, allowing them only to the extent of "the greater of: (1) two times the amount of economic damages; plus an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000." Tex. Civ. Prac. & Rem. Code Ann. § 41.008(b). Thus, under Texas law the jury could easily award punitive damages in the amount of $73,000 (which is twice the amount of Miranda's economic damages of $34,000, plus an assumed amount of $5,000 for pain and suffering).

Altogether, in light of Miranda's claims for economic damages, pain and suffering, punitive damages, as well as applicable Texas law regarding punitive damages, the Court concludes that Plaintiffs claims place more than $75,000 at issue in this case. Based on the record currently before the Court, there is no way to conclude that it is legally certain that less than $75,000 is at issue.

**IT IS THEREFORE ORDERED** that *Plaintiff Miranda's Motion to Remand to State Court* [Doc. 4] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**