# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**JAIME MIRANDA,**

        **Plaintiff,**

vs.                               Civ. No. 16-1062 JCH/WPL

**STRIKE, LLC and JOEL
BENAVIDES,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Plaintiff's Second Motion to Remand to State Court* [Doc. 20]. In a Memorandum Opinion and Order, this Court denied Plaintiff's first motion to remand, concluding that there was no procedural defect in removal and that the amount in controversy was satisfied. *See* Doc. 17. Plaintiff moves to remand a second time on the grounds that he is not seeking damages exceeding $75,000.00, and therefore the jurisdictional amount is not satisfied. After reviewing the motion, response, and reply, the Court concludes that under Supreme Court and Tenth Circuit precedent, the motion should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 22, 2016, Plaintiff Jaime Miranda ("Miranda") filed his Complaint in the First Judicial District Court, County of Santa Fe, State of New Mexico. He asserts claims for personal injury arising from an automobile accident that occurred in Texas in May of 2015. According to the Complaint, Defendant Joel Benavides ("Benavides") was driving Defendant Strike, LLC's company vehicle when he collided with Miranda's vehicle, injuring Miranda. Doc. 1-1 at ¶ 7-11.

On September 26, 2016, Strike removed the case to this federal district court on the basis of diversity jurisdiction. *See* Doc. 1. In his first motion to remand, Miranda argued that removal was improper because (1) Defendant Benavides did not consent to removal, and (2) Strike had failed to show that there is at least $75,000 at issue in the case as required by 28 U.S.C. § 1332. The Court disagreed, concluding that the record demonstrated that Benavides had not yet been served with the complaint, thereby making his consent to removal unnecessary, but that in any event Benadvides had consented. The Court further held that the record at the time of removal supported the conclusion that at least $75,000.00 is at issue in this case.

## **LEGAL STANDARD**

In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The "amount in controversy" has been defined by the Tenth Circuit Court of Appeals as "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). "The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting the assertion that the amount in controversy exceeds $75,000.00.'" *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). The removing defendant bears the burden of proving the underlying facts supporting the assertion that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. *McPhail*, 529 F.3d at 955. In order for jurisdiction to be proper, Strike as the removing party has the burden of showing that the requisite amount in controversy is met. *Chen v. Dillard Store Servs., Inc.*, 579 Fed. Appx. 618, 620 (10th Cir. 2014) (unpublished) (citing *McPhail*, 529 F.3d at 953).

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin*, 50 F.3d

at 873. The amount in controversy "is an estimate of the amount that will be put at issue in the course of the litigation. To this end, documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal . . ." *McPhail*, 529 F.3d at 956. Once it is shown that the amount in controversy may be greater than $75,000, the case belongs in federal court "unless it is legally certain that less than $75,000 is at stake." *McPhail*, 529 F.3d at 954 (internal quotation marks omitted).

## **DISCUSSION**

This Court has already determined that the $75,000 amount-in-controversy was satisfied based on the record at the time of removal. However, in his second motion to remand, Plaintiff states that he "is not seeking damages exceeding the total sum or value of $75,000." Doc. 20 at 1. In support of that statement, Miranda attaches his attorney's affidavit, which states that Miranda will not seek more than $75,000.00 in damages in this case. Doc. 20-1. Based on this, Miranda argues that the amount in controversy is not satisfied and the case should be remanded for lack of subject matter jurisdiction. The sole issue before the court, then, is whether the court should remand this case to state court on the basis that Miranda's recent stipulation[1] that he will not seek more than $75,000 deprives this court of diversity jurisdiction.

Miranda's stipulation comes too late. The Supreme Court squarely addressed this issue in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). In *St. Paul*, the Court stated that where, as in that case, "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his [or her] pleadings, reduces the claim below the requisite amount, this does not

---

[1] Strike takes issue not only with the timing of the stipulation, but also its wording. Strike contends that the stipulation is inadequate because it does not state that Miranda's damages are less than $75,000, but rather only that Miranda will not *seek* more than $75,000 in damages. The Court need not reach the question of whether this distinction matters, however, because it finds that Miranda's post-removal stipulation does not alter this Court's jurisdiction.

3

deprive the court of jurisdiction." *Id*. at 292. Once the district court's jurisdiction attaches at the time of removal, post-removal events "which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his [or her] volition, do not oust the district court's jurisdiction." *Id*. at 293. The Supreme Court explained that

> [w]e think this well established rule is supported by ample reason. If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim ... fixes the right of the defendant to remove, and the plaintiff ought not be able to defeat that right and bring the cause back to state court at his [or her] election.

*Id*. at 294. Under *St. Paul* and its progeny, it is well established that once the district court's diversity jurisdiction attaches at the time of removal, a plaintiff may not subsequently divest the court of jurisdiction and force remand to state court by reducing the amount in controversy. *See Miera v. Dairyland Ins. Co*., 143 F.3d 1337, 1340 (10th Cir. 1998) (acknowledging the principle from *St. Paul* that "[o]nce jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing").

Because this binding precedent makes clear that a plaintiff cannot defeat subject matter jurisdiction simply by filing a post-removal stipulation to reduce the amount in controversy, Miranda's stipulation has no effect on the determination that the Court properly had jurisdiction over this case at the time of removal.

**IT IS THEREFORE ORDERED** that *Plaintiff's Second Motion to Remand to State Court* [Doc. 20] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**